IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVANS AMAURY SOLÍS-SERRANO,<br><br>Defendant. | CRIMINAL NO. 17-258 (GAG) |

**REPORT AND RECOMMENDATION**
**RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.      Procedural Background**

On April 20, 2017, a grand jury returned an indictment against [1] Evans Amaury Solis-Serrano (hereinafter referred to as "defendant"). ECF No. 8. The defendant has agreed to plead guilty to counts two and three of the indictment. Count two charges the defendant of possession with intent to distribute marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D). Count three charges the defendant for possessing a firearm while being a drug user, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

**II.     Consent to Proceed Before a Magistrate Judge**

On May 22, 2018, while assisted by counsel, the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to counts two and three of the indictment . In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate

judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

### III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

#### A.    Rule 11(c)(1) Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

#### B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.    To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

    4.      To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

    5.      To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count two he will face the following penalties: a term of imprisonment of not more than five (5) years, a fine not to exceed $250,000, and a term of supervised release of at least two (2) years but not more than life.

Defendant was explained, and he understood, that if convicted on count three he will face a term of imprisonment of not more than then (10) years, a fine not to exceed $250,000 and a supervised release term of not more than three (3) years.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished. In addition, defendant was made aware that the court must impose a mandatory penalty

assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

### D. "Type C" Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that the court may accept or reject the plea agreement, or may defer its decision whether to accept or reject the plea agreement until it has considered the pre-sentence report. If the court rejects the plea agreement, the court will inform the parties of this fact and afford the defendant an opportunity to withdraw the guilty plea and advise the defendant that if he persists in a guilty plea, the disposition of the case may be less favorable to the defendant than the defendant contemplated in the plea agreement. Defendant acknowledged having understood these explanations and all the terms and conditions of the plea agreement.

### E. Government's Evidence

The government presented a summary of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. The defendant also admitted that at the time of the offense he was an unlawful user of marijuana. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offenses charged.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Waiver of Appeal

The defendant was explained, and he understood, that if the imprisonment sentence imposed by the court is 36 months or less, the defendant waives the right to appeal any aspect of

this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**IV.     Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to counts two and three of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts two and three.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt or before the sentencing hearing, whichever occurs sooner. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 10th day of July, 2018.

s/Marcos E. López
U.S. MAGISTRATE JUDGE